## D. WHITE *v.* THE STATE.

PLEA.— Without a plea there was no issue for the jury to try or the court below to determine; and if there was a plea made by or entered for the defendant, it is essential that it be affirmatively shown by the record.   So obvious a requirement should not be so often overlooked.

APPEAL from the District Court of Kaufman.   Tried below before the Hon. G. J. CLARK.

The indictment and conviction were for the theft of a watch worth more than $20, and two years in the penitentiary the punishment assessed.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J.   It is not shown by the record that defendant ever pleaded to the indictment in this case, or that, standing mute, a plea was entered for him.   *Gorman* v. *The State,* 6 Texas Ct. App. 112.

It appears almost incredible that this omission should so frequently occur, after the many and repeated decisions on the subject, and when the duty with regard to the plea is so plainly and positively enjoined by law.   If there was in fact no plea, then there was no issue for the jury to try or the court to determine ; if there was a plea, then the record ·must show it affirmatively, or the case will be reversed on ·appeal until it is shown.

The attention of the judge is called to the fact that a portion of a charge to the jury, when subjected to strict rules of criticism, might be obnoxious in that it assumes matters essential to have been proven.

Because there is no plea in the record, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*